# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ISAAC BARLOW<br><br>　　　　　　　　Defendant. | Civil Action No. 06-694 (FLW)<br><br>MEMORANDUM ORDER |

**THIS MATTER** having been opened to the Court by Defendant Isaac Barlow, *pro se,* on a motion for reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2); it appearing that the Government, Assistant United States Attorney Patrick C. Askin appearing, opposes the motion; having considered the submissions of the parties, the Court finds the following:

1. On August 31, 2006, Defendant Isaac Barlow was initially indicted by a grand jury in the District of New Jersey.

2. On December 21, 2006, the grand jury returned a seven count superseding indictment charging Defendant with drug trafficking offenses.

3. On May 11, 2007, the Government filed a notice of enhanced penalties information, pursuant to 21 U.S.C. § 851(a), recounting Defendant's four prior drug convictions.

4. On June 20, 2007, Defendant was found guilty by the jury on Counts 1, 2, 3, 5, and 6 of the indictment. Defendant Barlow was adjudicated guilty, in Count 1, of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, contrary to 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and in violation of 21 U.S.C. § 846; in Count 2, of possession with intent to distribute 50 grams or more of cocaine base

(crack cocaine) on January 7, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); in Count 3, of possession with the intent to distribute 500 grams or more of cocaine on February 14, 2006, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); in Count 4, of possession with the intent to distribute and attempt to manufacture a detectable amount of cocaine base on February 14, 2006, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); in Count 5, of maintaining a premise for the storage and distribution of a controlled substance from January 2006 through March 2006, in violation of 21 U.S.C. § 856(a)(1) and Title 18, U.S.C. § 2; and in Count 6, of distribution and possession with the intent to distribute 50 grams or more of cocaine base on March 31, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

5. Defendant's four prior felony narcotics convictions categorized Defendant as a career offender, pursuant to Section 4B1.1 of the Federal Sentencing Guidelines. Defendant's adjusted offense level was at least level 37 and his criminal history category was automatically Category VI. This culminated in an advisory guideline range of 360 months to life imprisonment. See *PSR*, paragraph 68, 98, 129-130.

6. Defendant, however, also faced a mandatory minimum penalty on Counts 1, 2, and 6, which involved conspiracy to distribute or distribution of over 50 grams of cocaine base (crack cocaine) in violation of Title 21, U.S.C. § 846, 841(a)(1), and 841(b)(1)(A). Based on Defendant's four prior felony narcotics convictions and the enhanced penalty information, Defendant was subject to a mandatory minimum penalty of life without parole on those Counts. Title 21, U.S.C. § 846, 841(a)(1); 841(b)(1)(A).

7. Accordingly, Defendant's guideline sentence on Counts 1, 2, and 6 was the mandatory minimum sentence of life without parole, because the mandatory minimum was higher

than the calculated guideline sentence under the career offender provisions of Section 4B1.1.

8. On January 29, 2008, at the sentencing hearing, the Court instituted the mandatory minimum penalty of life imprisonment on Counts 1, 2, and 6. The Court also imposed a sentence of 240 months imprisonment with a ten-year period of supervised release on Counts 3 and 5 – all sentences running concurrently.

9. Defendant Barlow appealed his conviction, and the Third Circuit affirmed. *See United States v. Barlow*, 307 F. App'x 678 (3d Cir. 2009). He subsequently has filed three, separate motions: on June 1, 2010, a motion to vacate, set aside or correct his sentence, pursuant to Title 28, U.S.C § 2255, which was denied by this Court; on November 5, 2015, a motion for a reduction of sentence prior to the instant motion, which was also denied by this Court; and on July 5, 2016, the instant motion for sentence reduction, pursuant to Title 18, U.S.C. § 3582(c).

10. The Third Circuit has provided the following test to determine whether a defendant is entitled to a reduction in sentence:

> A district court is authorized to reduce a sentence already imposed where two requirements are satisfied: (1) the defendant's initial sentence must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) ; *United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009). If these two requirements are satisfied, a court may then exercise its discretion—"after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," 18 U.S.C. § 3582(c)(2), as well as the factors contained in the commentary to the Commission's policy statements, U.S.S.G. § 1B1.10, cmt. n. 1(B)—to determine whether a reduction in sentence is warranted (as well as the extent of any such reduction).

> *United States v. Surine*, 555 Fed. App'x 213, 215 (3d Cir. 2014); *see also United States v. Flemming*, 617 F.3d 252, 257 (3d Cir. 2010); *Dillon v. United States*, 560 U.S. 817 (2010).

11. Here, Defendant filed a *pro se* motion for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782, claiming that the Amendment affects his sentence.

12. "Amendment 782 to the [Sentencing Guidelines], effective November 1, 2014, lowered the offense levels for most drug offenses on the 2D1.1 Drug Quantity Table by two levels . . . ."[1] *United States v. Gines-Figueroa*, No. CRIM. 12-618 RMB, 2015 WL 5032056, at *2 (D.N.J. Aug. 25, 2015) (citing *U.S. v. Jones*, 605 Fed. App'x 81, 82 (3d Cir. 2015) (per curiam)). The Amendment had the effect of reducing the base offense level for drug crimes, including crimes involving cocaine and cocaine base. *See* United States Sentencing Commission, Sentencing Guidelines Manual, sup appx. C, amendment 782 (2014).

13. Amendment 782, however, does not render Defendant eligible for a reduction of sentence under Section 3582(c)(2) for two reasons. First, Defendant was sentenced under the career offender guideline, § 4B1.1, not the base offense guidelines, that were lowered by Amendment 782. The Third Circuit has unambiguously held that Amendment 782 does not provide a basis for a reduction of sentence under Section 3582(c)(2) where the challenged sentence was issued under the career offender guidelines that were not affected by the Amendment. In *United States v. Martin*, the defendant "appeal[ed] an order of the United States District Court for the Western District of Pennsylvania that denied his motion for a sentence reduction under 18 U.S.C.

---

[1] By way of background, "[i]n 2010, the Fair Sentencing Act ("FSA") increased the quantity of crack cocaine necessary to trigger the 10–year mandatory minimum for prior felony drug offenders from 5 grams to 28 grams. The Sentencing Commission promulgated amendments to conform the Guidelines to the FSA and to make the changes apply retroactively." *United States v. Jones*, 605 Fed. App'x 81, 82 (3d Cir. 2015) (internal citations omitted).

§ 3582(c)(2)," claiming that he was eligible for a sentence reduction as a result of Amendment 782. *United States v. Martin*, 867 F.3d 428, 429 (3d Cir. 2017). The Court of Appeals affirmed the District Court's ruling that the defendant was ineligible for such reduction because his "applicable Guidelines range was the career offender range. . . . [a]nd because that range has not been lowered by any amendment to the Guidelines, [the defendant] was not eligible for a sentence reduction pursuant to § 3582(c)(2)." *Id.* at 433.

14. Second, § 1B1.10 of the Sentencing Guidelines states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." *See also* § 1B1.10 app. note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an . . . amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Here, Defendant Barlow's career offender guideline range of 360 months to life imprisonment fell below the statutory mandatory minimum sentence of life imprisonment required by Counts 1, 2, and 6. Where the statutory mandatory minimum sentence is higher than the original guideline range, the statutory minimum becomes the guidelines sentence, and so Defendant Barlow's mandatory minimum sentence of life imprisonment became the guideline range. *See* U.S.S.G. § 5G1.1(b). Thus, even if Amendment 782 had affected the guidelines under which Defendant Barlow was

sentenced, and lowered the initially calculated guideline range, the Amendment would nevertheless have been irrelevant to Defendant's ultimate sentence, because the final guideline range under which he was sentenced would have remained the same mandatory minimum sentence required by law.

Accordingly, for the reasons set forth above, and for good cause shown;

**IT IS**, this 28th Day of September, 2017,

**ORDERED** that Defendant Barlow's motion for reduction of sentence is DENIED.

                                        /s/ Freda L. Wolfson
                                   Hon. Freda L. Wolfson, U.S.D.J.