**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC BARLOW,<br><br>Defendant. | Criminal Action No. 06-694 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Isaac Barlow's ("Defendant") Motion for Reduction in Sentence under the First Step Act (the "Act"), 18 U.S.C. § 3582(c)(1)(A). (ECF No. 174.) The United States of America (the "Government") opposed. (ECF No. 183.) The Court has carefully considered Defendant's motion and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court denies the Motion.

## I. BACKGROUND

On June 20, 2007, a jury convicted Defendant of conspiracy to possess and distribute fifty grams or more of cocaine base (crack cocaine) from August 2005 through May 2006, contrary to 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and in violation of 21 U.S.C. § 846 ("Count One"); possession with the intent to distribute fifty grams or more of cocaine base on January 7, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count Two"); possession with the intent to distribute a detectable amount of cocaine on February 14, 2006, in violation of

21 U.S.C. § 841(a)(1) and 841(b)(1)(A) ("Count Three"); possession with the intent to distribute and attempt to manufacture a detectable amount of cocaine base on February 14, 2006, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) ("Count Four"); maintaining a premises for the storage and distribution of a controlled substance from January 2006 through March 2006, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 ("Count Five"); and distribution and possession with the intent to distribute fifty grams or more of cocaine base on March 31, 2006, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A) ("Count Six"). (Jury Verdict, ECF No. 115.)

On January 29, 2008, Defendant was sentenced to a mandatory term of life imprisonment, as Counts One, Two, and Six each carried mandatory minimum sentences pursuant to 21 U.S.C. § 841(b)(1)(A). (*See* ECF No. 116.) Defendant was also sentenced to 240 months' imprisonment on Counts Three and Five as well as a ten-year term of supervised release. (*See id.*) On appeal, the Third Circuit affirmed Defendant's sentence and conviction. *See United States v. Barlow*, 307 F. App'x 678, 681 (3d Cir. 2009). On January 14, 2020, when Defendant had served thirteen years of his prison sentence, Defendant moved for a reduction in sentence to "time served" pursuant to the Act. (*See* ECF No. 150.) Although the Court denied the request for "time served," the Court reduced Defendant's mandatory life sentence for Counts One, Two, and Six to thirty years' imprisonment. (*See* Op., ECF No. 166.) Defendant appealed the reduced sentence, which the Third Circuit again affirmed. *See United States v. Barlow*, No. 21-2267, 2022 WL 820462, at *2 (3d Cir. Mar. 18, 2022).

Defendant filed the instant *pro se* motion for a reduction in sentence under the Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i) (Def.'s Mot., ECF No. 174), and the Government filed an opposition. (Gov't's Opp'n Br., ECF No. 183.)

## II. LEGAL STANDARD

A district court generally has limited authority to modify a federally imposed sentence once it commences. *See Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020). The Act, however, permits district courts to grant compassionate release where "extraordinary and compelling reasons" support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). As such, under the Act, a district court may grant a compassionate release motion "if the court finds that the sentence reduction is: (1) warranted by extraordinary and compelling reasons; (2) consistent with applicable policy statements issued by the [U.S.] Sentencing Commission; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (internal quotation marks omitted) (citing 18 U.S.C. § 3582(c)(1)(A)). District courts are not bound "by the [Sentencing] Commission's policy statement" for defendant-filed compassionate-release motions. *Id.* at 259.

## III. DISCUSSION

The Government does not contest that the Court may consider Defendant's motion, as Defendant satisfied his administrative remedies requirement. (*See* Gov't's Opp'n Br. 4.) The Court, therefore, turns directly to the merits of Defendant's Motion. In doing so, the Court "must first conclude, as a matter of law, that [Defendant] is *eligible* for a sentence reduction" by determining whether he has demonstrated "extraordinary and compelling reasons" for release "before it decides whether he *qualifies* for a reduction" consistent with any applicable policy statements, and the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Rutherford*, 120 F.4th 360, 364-65 (3d Cir. 2024), *cert. granted*, 145 S. Ct. 2776 (2025), *and aff'd*, 608 U.S. 454 (2026).

Defendant contends that three "extraordinary and compelling" reasons warrant his compassionate release: (1) his mother's uterine cancer diagnosis requires that he be her at-home caregiver; (2) he has served an "unusually long" sentence; and (3) he has undertaken various post-sentence rehabilitation efforts. (*See* Def.'s Mot. 3-8.)

The Court turns first to Defendant's mother's medical diagnosis. In 2023, the Sentencing Commission adopted a policy statement which provides that extraordinary and compelling reasons may exist to warrant a sentence reduction based on "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3). The Bureau of Prison's ("BOP") guidelines have defined incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [incapacitated individual] . . . is completely disabled, meaning that the [incapacitated individual] . . . cannot carry on any self-care and is totally confined to a bed or chair." *United States v. Doolittle*, No. 19-501, 2020 WL 4188160, at *2 (D.N.J. July 21, 2020) (quoting *United States v. Collins*, Nos. 15-10188, 17-10061, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (citing BOP Program Statement 5050.50)).

The Court has no difficulty recognizing the challenges that both Defendant and his family face due to Defendant's mother's cancer diagnosis. Still, the Court is constrained to find that Defendant has not met his burden of showing that the diagnosis constitutes an extraordinary and compelling circumstance because: (1) he has not explained or otherwise provided evidence of his mother's incapacitation; and (2) it is not apparent to the Court that Defendant is the "*only* available caregiver for [his mother]" under U.S.S.G. § 1B1.13(b)(3) (emphasis added). *See United States v. Ragan*, No. 21-405, 2023 WL 4487772, at *4 (D.N.J. July 12, 2023) ("Where, as here, a defendant 'present[s] no medical documentation or other competent evidence demonstrating that

his [family members are] incapacitated,' courts will deny a request for compassionate release.") (alterations in original); *United States v. Striganivicz*, No. 95-271, 2023 WL 4868100, at *1 (E.D. Pa. July 31, 2023) ("[J]udges in [this district] have denied motions for compassionate release premised on sick or elderly parents in the absence of strong evidence the petitioner is the sole individual capable of caring for the parent." (citation modified)).

Defendant's second argument—that the length of his sentence warrants reduction—is foreclosed by Third Circuit and Supreme Court precedent. Defendant relies on the fact that, in 2023, the Sentencing Commission amended its Policy Statement ("Amended Policy Statement") regarding when a change in the law may constitute an extraordinary and compelling reason for compassionate release.[1] *See* U.S.S.G. § 1B1.13(c). As a default rule, "[a] change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered" as such a reason unless, according to the Amended Policy Statement: (1) the defendant "received an unusually long sentence"; (2) the defendant "has served at least [ten] years of the term of imprisonment"; and (3) the intervening legal change results in "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6), (c).

The Third Circuit, however, found in *United States v. Rutherford* that subsection (b)(6) of the Amended Policy Statement "conflicts with the will of Congress [to not make sentencing amendments under the Act retroactive] and thus cannot be considered in determining a prisoner's

[1] Defendant also cites the Attorney General's December 16, 2022, Policy Memorandum eliminating the sentencing disparities between offenses involving cocaine base (crack cocaine) and powder cocaine. (*See* Def.'s Mot. 1, 7.) The policy memorandum, however, only applies prospectively to newly charged cases and expressly states that it is not to be relied upon in litigation or to confer any legally enforceable right. U.S. Dep't of Just., Att'y Gen. Policy Mem. on Additional Department Policies Regarding Charging, Pleas, and Sentencing and Drug Cases (Dec. 16, 2022).

eligibility for compassionate release" based on a nonretroactive change in the law. 120 F.4th at 376. The Supreme Court affirmed, adding that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a pre[-]amendment sentence is longer than it would have been post[-]amendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction." *Rutherford v. United States*, 608 U.S. 454, 465 (2026).

Finally, Defendant points to his continuous rehabilitation efforts as grounds for compassionate release, including his enrollment in a General Educational Development ("GED") program and his completion of various developmental programs. (*See* Def.'s Mot. 7-9; *see id.* Exs. 4-35.) These rehabilitation efforts alone, while commendable, are not extraordinary and compelling reasons for Defendant's release. *See United States v. Bledsoe*, No. 22-2022, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022) ("[C]laimed efforts in furtherance of rehabilitation . . . are expected; they are, standing alone, neither extraordinary nor compelling for purposes of the compassionate-release standard[.]" (citation modified)). And Defendant has not shown that some "other circumstance[] . . . could constitute [an] ordinary or compelling reason[] for a reduction." *United States v. Berrios*, No. 07-454, 2025 WL 654160, at *4 (D.N.J. Feb. 28, 2025) (quoting *United States v. Gantt*, No. 06-699-1, 2024 WL 3385493, at *3 (D.N.J. July 12, 2024)). Because Defendant has not demonstrated that "extraordinary and compelling reasons" warrant his compassionate release, the Court ends its analysis here.[2]

---

[2] *See United States v. Gatson*, No. 13-705, 2025 WL 1233221, at *3 (D.N.J. Apr. 29, 2025), *aff'd*, No. 25-2042, 2025 WL 2659268 (3d Cir. Sep. 17, 2025) ("Having failed to allege an extraordinary and compelling reason for compassionate release, it is not necessary for the Court to advance to the next step of the § 3582(c)(1)(A)(i) inquiry by assessing the application of the § 3553(a) factors and possible danger to the community imposed." (citation modified)); *see also Rutherford*, 608 U.S. at 456 ("Before determining the extent of a reduction based on the § 3553(a) factors, a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." (citation modified)).

## IV. CONCLUSION

For the above reasons, Defendant's Motion for Compassionate Release is denied. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 26th, 2026