**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC BARLOW,<br><br>Defendant. | Criminal Action No. 06-694 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Isaac Barlow's ("Defendant") Motion for Reduction in Sentence under the First Step Act (the "Act"), 18 U.S.C. § 3582(c)(2). (ECF No. 191.) The United States of America (the "Government") did not respond.[1] The Court has carefully considered Defendant's motion and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court denies the Motion.

On June 20, 2007, a jury convicted Defendant of conspiracy to possess and distribute fifty grams or more of cocaine base (crack cocaine) from August 2005 through May 2006, contrary to 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and in violation of 21 U.S.C. § 846 ("Count One"); possession with the intent to distribute fifty grams or more of cocaine base on January 7, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count Two"); possession with the intent to

[1] Because the Court addresses the motion in short order, the Court does not require a response from the Government.

distribute a detectable amount of cocaine on February 14, 2006, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) ("Count Three"); possession with the intent to distribute and attempt to manufacture a detectable amount of cocaine base on February 14, 2006, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) ("Count Four"); maintaining a premises for the storage and distribution of a controlled substance from January 2006 through March 2006, in violation of 21 U.S.C. § 856(a)(1) and Title 18, U.S.C. § 2 ("Count Five"); and distribution and possession with the intent to distribute fifty grams or more of cocaine base on March 31, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count Six"). (Jury Verdict, ECF No. 115.)

On January 29, 2008, Defendant was sentenced to a mandatory term of life imprisonment, as Counts One, Two, and Six each carried mandatory minimums pursuant to 21 U.S.C. §841(b)(1)(A). (*See* ECF No. 116.) Defendant was also sentenced to 240 months' imprisonment on Counts Three and Five as well as a ten-year term of supervised release. (*See id.*) On appeal, the Third Circuit affirmed Defendant's sentence and conviction. *See United States v. Barlow*, 307 F. App'x 678 (3d Cir. 2009).

On January 14, 2020, when Defendant had served thirteen years of his prison sentence, Defendant moved for a reduction in sentence to "time served" pursuant to the Act. (*See* ECF No. 150.) In response, on September 3, 2020, the Government filed correspondence informing the Court of the Third Circuit's decision in *United States v. Jackson,* which held that the Act's eligibility "turns on a defendant's statute of conviction, not on his possession of a certain quantity of drugs." 964 F.3d 197, 206 (3d Cir. 2020); (*see* Gov't's Corr., ECF No. 161.) Within its correspondence, the Government conceded that "the Court must find that [Defendant] is eligible for a reduced sentence under the First Step Act regardless of the amount of crack cocaine he actually may have distributed" and that Defendant was "no longer subject to a mandatory life

term." (Gov't's Corr. 2.) The Government also reminded the Court that under *Jackson*, "district courts are under no obligation to provide relief." (*Id.* (quoting *Jackson*, 694 F.3d at 204).) The Court, addressing Defendant's January 13, 2020, motion and *Jackson*'s holding, exercised its discretion to reduce Defendant's mandatory life sentence for Counts One, Two, and Six to 360 months, the low end of the Pre-Sentencing Report's recommended U.S. Sentencing Guidelines range. (*See generally* June 22, 2021, Op., ECF No. 166.) Defendant appealed the reduced sentence, which the Third Circuit again affirmed. *See United States v. Barlow*, No. 21-2267, 2022 WL 820462 (3d Cir. 2022).

In the instant motion, Defendant seeks another sentence reduction and appointment of counsel. (*See* Def.'s Mot., ECF No. 191.) Specifically, he requests that the Court reduce his 360-month sentence "to 292 months or lower" pursuant to Amendment 782 of the United States Sentencing Guidelines (*id.* at 2), which lowered the base offense levels for drug crimes involving cocaine and cocaine base by two levels. *See* U.S. Sent'g Guidelines Manual, supp. to Appx. C, Amendment 782 (U.S. Sent'g Comm'n 2014). But the Court already considered and denied this very request when Defendant filed an earlier motion seeking relief under Amendment 782. (*See generally* Sep. 28, 2017, Op., ECF No. 148 (denying Def.'s Mot. for Reduction in Sentence Pursuant to 2014 Amendment to 18 § U.S.C. 3582(c)(2), ECF No. 145).)

The Court explained then that, as a matter of law, Defendant is ineligible for a sentence reduction under § 3582(c)(2) because he "was sentenced under the career offender guideline, § 4B1.1, not the base offense guidelines, that were lowered by Amendment 782." (*Id.* ¶ 13.) And "[t]he Third Circuit has unambiguously held that Amendment 782 does not provide a basis for a reduction of sentence under Section 3582(c)(2) where the challenged sentence was issued under the career offender guidelines that were not affected by the Amendment." (*Id.* (citing *United*

*States v. Martin*, 867 F.3d 428, 429 (3d Cir. 2017).) Although the Court previously reduced Defendant's sentence, the Court made clear in doing so that Defendant's revised sentence was issued under the career offender guidelines. (*See* June 22, 2021, Op. 10 ("[T]he fact remains that [Defendant] still qualifies as a career offender, which is decisive of his Guidelines range at this time, his policy arguments to the contrary notwithstanding.").)

The passage of time changes neither the Third Circuit's binding precedent nor this Court's previous finding that "thirty . . . years is an appropriate sentence for [Defendant]." (*Id.* at 19.) The Court, therefore, denies Defendant's Motion for Reduction in Sentence. Additionally, because Defendant is not eligible for relief under Amendment 782, there is no need to appoint him counsel. *See United States v. Curry*, 488 F. App'x 616, 618, n.4 (3d Cir. 2012) ("[S]ince [defendant] is, as a statutory matter, not entitled to relief under § 3582(c)(2), the District Court would not have abused its discretion by declining to appoint counsel.").

Accordingly,

**IT IS**, on this 26th day of October 2026, **ORDERED** that:

1. Defendant's Motion for Reduction in Sentence Under the Act is **DENIED**.
2. Defendant's request for appointment of counsel is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE